## CHATTERTON *a.* THE PEOPLE.

*Supreme Court, First District; General Term, November,* 1861.

CRIMINAL LAW.—INDICTMENT.—JOINT OFFENCES.

Though two or more persons jointly indicted cannot be convicted of a joint offence, where their offences are proved to have been separate, yet they may be convicted of their separate offences as if separate indictments had been found.

Proof that each of two persons indicted for jointly receiving stolen goods, received them in the absence of the other, is not conclusive evidence that they were not jointly engaged in the crime.

An indictment charging the defendant with having unlawfully, unjustly, and for the sake of wicked gain, feloniously received goods, knowing them to have been stolen, is good. *So held*, after verdict.

Error to the New York General Sessions.

Jacob Chatterton, the plaintiff in error, was indicted jointly with Charles F. Fisher, for receiving stolen goods. The form of the indictment, so far as any question arose upon it, and the prisoner's request to charge, appear in the opinion. The evidence showed clearly that both the prisoners had received stolen goods with felonious intent, but it appeared that neither received them in the presence of the other, and it was not shown that they co-operated together in the matter. Chatterton was convicted, and brought a writ of error.

*Sidney H. Stuart*, for the plaintiff in error.—I. The indictment containing but one count, and the evidence showing two separate felonies by the defendants, in which they had no joint part, the defendants were entitled to an acquittal. (State *a.* Howe, 1 *Rich*, 260; Caldwell *a.* Com., 7 *Dana*, 229; Stephens *a.* State, 14 *Ohio*, 386; Ruby *a.* State, 3 *Humph.*, 289; see 4 *Ib.*, 25; 26 *Me.*, 312; 2 *Ashm.*, 31; 1 *Park. Cr.*, 154; 3 *Hill*, 159; 4 *Blackf.*, 101; 5 *Port.*, 32; 14 *Sme. & M.*, 120.)

II. The indictment is not sufficient, for want of an averment that the property was received for the purpose of depriving the owner thereof. (Pitts *a.* State, 3 *Blackf.*, 28; Harrell *a.* State, 5 *Humph.*, 68; People *a.* Johnson, 1 *Park. Cr.*, 564.)

*John H. Anthon*, for the People.

By the Court.—Clerke, P. J.—I. Undoubtedly, where two or more persons, jointly indicted, are tried together, if no joint offence has been proved, but two separate ones, the defendants cannot be all convicted of the joint offence. But either can be acquitted or convicted as upon a separate indictment. (4 *Hawk. C.*, 53; 1 *Arch. C. Pr.*, 96; *Whart.'s C. R.*, 2.) The counsel for the prisoner in this case requested the judge to charge, "that if the goods, or some of them, mentioned in the indictment

were not jointly, but separately received by the prisoner and Fisher, the prisoner ought to be acquitted." This would be at variance with the above rule; he was not necessarily entitled to be acquitted. If the proof showed that the goods were not jointly but separately received, he could be separately convicted.

But, without any reference to this rule, the request was too broad. Only one might have received the stolen goods, while the other might have concurred in the guilt of receiving them, by indirect participation, as by enticing the thief to steal them and bring them to the one who manually received them; or, pursuant to a previous understanding, by immediately obtaining them from the first receiver. If several act in concert to steal a man's goods, and he is induced by fraud to trust one of them with the possession of the goods, and then another of the party enticed the owner away, in order that the person who has obtained possession may carry the goods away, all will be guilty of one felony; the receipt by the one under such circumstances being a felonious taking by all. (2 *Russ. on Crimes*, 126.)

So in the present case, the proof that Fisher only received the goods in the first instance would not be a sufficient reason to show that Chatterton did not concur in it in such a way as to make it a felonious receipt by both. On this point there was evidence to go to the jury.

II. We think the indictment sufficiently sets out the offence. It states that Fisher and Chatterton unlawfully, unjustly, and for the sake of wicked gain, did feloniously receive and have the goods, both knowing them to have been stolen. A person may, indeed, receive goods and know them to have been stolen, without being guilty of a criminal act; for he may receive them with the intention of restoring them to the owner. But, if he receives them unjustly, for the sake of wicked gain, and feloniously, it would be an extraordinary stretch of charity to give him the credit of a worthy intent.

The judgment should be affirmed.

BARNARD and SUTHERLAND, JJ., concurred.